J-A24028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRUCE ASHTON | |
| Appellee | No. 3443 EDA 2014 |

Appeal from the Order of November 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005493-2014

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED NOVEMBER 24, 2015**

In this case, the Commonwealth appeals the trial court's November 3, 2014 order, which dismissed the Commonwealth's prosecution of Bruce Ashton for driving under the influence of a controlled substance ("DUI"), 75 Pa.C.S. § 3802(d), based upon the Commonwealth's purported failure to bring Ashton to trial within the applicable speedy trial time limits.  We reverse the order, and we remand for trial.

On August 23, 2013, Ashton was charged in Philadelphia with one count of DUI, as noted above, and one count of DUI—general impairment. 75 Pa.C.S. § 3802(a).  On January 16, 2014, Ashton appeared before the Philadelphia Municipal Court for trial on these two charges.  Before trial, the

---

[*]     Retired Senior Judge assigned to the Superior Court.

Commonwealth withdrew the DUI—general impairment count. The municipal court judge convicted Ashton of the DUI—controlled substances count, which was Ashton's second DUI conviction.[1] On April 14, 2014, the municipal court judge sentenced Ashton to ninety days to six months' incarceration, and a concurrent two-year term of probation.

On May 9, 2014, Ashton filed an appeal for a *de novo* trial in the Court of Common Pleas of Philadelphia County. The *de novo* trial was scheduled for July 18, 2014. On that date, the Commonwealth requested a continuance because the arresting officer could not appear for trial due to a previously scheduled medical appointment. The trial court granted the continuance, and re-scheduled trial for November 3, 2014.

On the trial date, Ashton filed a motion to dismiss the prosecution on speedy trial grounds pursuant to Pa.R.Crim.P. 1013(G), which we discuss in more detail *infra*. The trial court heard argument from both sides on the motion. Ashton argued that, pursuant to Rule 1013(G), the Commonwealth was required to bring him to trial after his *de novo* appeal within 120 days. Due to the Commonwealth's request for a continuance, which was granted by the trial court, trial on November 3, 2014 would have occurred beyond

---

[1] The facts presented at trial in support of Ashton's municipal court conviction are immaterial to our disposition of this case. We will not recite them here.

the 120-day deadline. As such, Ashton maintained that the charges had to be dismissed.

The Commonwealth argued that the continuance was beyond its control, because the arresting officer was unavailable due to a medical appointment that was scheduled before the trial date had been set. The trial court sided with Ashton, granted the motion, and dismissed the charges.

On November 21, 2014, the Commonwealth filed a notice of appeal. On the same date, the Commonwealth filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), even though the trial court had not yet ordered the Commonwealth to do so. On February 2, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

The Commonwealth raises a single question for our review:

> Whether the lower court erred in discharging [Ashton] under Pa.R.Crim.P. 600 by failing to exclude a Commonwealth continuance that had been granted because, as the docket states, a police officer witness was unavailable due to a medical appointment and the time to try [Ashton] had not expired?

Brief for the Commonwealth at 4.

We begin with our standard of review for cases implicating Rule 1013's speedy trial rule.

> Our standard of review for evaluating claims brought pursuant to Rule of Criminal Procedure 1013 is the same as that applied to claims made under Rule of Criminal Procedure 600. The purpose of the rules is similar, and the case law applies equally to both. When considering any "speedy trial" claim, the proper scope of review is limited to the evidence on the record from the evidentiary hearing and the findings of the trial court. If the hearing court denied relief under Rule 1013, appellate courts

must view the facts in the light most favorable to the Commonwealth as the prevailing party. In assessing a Rule 1013 issue, we are confined to determining whether the trial court committed an "abuse of discretion" in reaching its decision.

*Commonwealth v. Preston*, 904 A.2d 1, 9 (Pa. Super. 2006) (*en banc*) (footnote and citations omitted).

Pa.R.Crim.P. 1013 provides "[a] trial *de novo* in the Court of Common Pleas shall commence within a period of 120 days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 600 shall apply to such trials in the Court of Common Pleas." Pa.R.Crim.P. 1013(G). Recently, in *Commonwealth v. Lynch*, 57 A.3d 120 (Pa. Super. 2012) (*en banc*), this Court set forth the principles that govern issues that implicate Rule 1013(G), and by implication, Rule 600, as follows:

> Similar to Criminal Rule 600, Rule 1013 has excludable time and excusable delay:
>
> > The first step in determining whether a technical violation of Rule 600 or Rule 1013 has occurred is to calculate the "mechanical run date." The mechanical run date is the date by which trial must commence under the relevant procedural rule. In a municipal court case, the mechanical run date is ascertained by counting the number of days from the triggering event—*e.g.*, the date on which the preliminary arraignment occurred or on which the criminal complaint was filed—to the date on which trial must commence under Rule 1013. The mechanical run date can be modified or extended by adding periods of time in which the defendant causes delay. It then becomes an "adjusted run date."
> >
> > Rules 600 and 1013 take into account both "excludable time" and "excusable delay." "Excludable time" is defined by Rule 1013 itself as any period of time during which a defendant expressly waives his rights under the Rule. Delays caused by the unavailability of the defendant or

- 4 -

counsel also are excludable, as are delays for continuances granted at the request of the defendant or counsel. "Excusable delay" is not expressly defined in either Rule 600 or in Rule 1013, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

***Preston***, 904 A.2d at 11 (citations omitted). The Commonwealth is entitled to an extension of time "upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Pa.R.Crim.P. 1013(C)(1)(c). "Due-diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Commonwealth v. Booze***, 953 A.2d 1263, 1273 (Pa. Super. 2008) (quotations and quotation marks omitted). "Judicial delay may justify postponing trial beyond the adjusted run date if the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like.'" ***Preston***, 904 A.2d at 14 (citation omitted).

***Lynch***, 57 A.3d at 123-24.

As noted earlier, our standard of review requires us to determine whether the trial court has abused its discretion in granting Ashton's motion. The trial court did not engage in the required analysis set forth in ***Lynch***. Rather, the trial court determined the mechanical run date, observed that the November 3, 2014 trial date was beyond that date, and then granted the motion. ***See*** T.C.O. at 2-3. The court failed to consider whether the delay constituted excusable time, or whether the Commonwealth acted with due diligence. As such, the court's decision misapprehended the applicable law, and was an abuse of discretion.

- 5 -

On May 9, 2014, Ashton filed an appeal for a *de novo* trial. Per Rule 1013(G), the Commonwealth had 120 days to bring Ashton to trial. Thus, the mechanical run date was approximately September 9, 2014. There were no defense postponements. Thus, the adjusted run date is the same as the mechanical run date.

The trial originally was scheduled for July 18, 2014. However, because the arresting officer had a previously scheduled medical appointment, the Commonwealth requested, and received, a continuance. Trial was rescheduled for November 3, 2014, which was well beyond the mechanical/adjusted run date. We must consider whether the delay was excusable, and whether the Commonwealth nonetheless acted with due diligence.

As explained in **Preston** and **Lynch**, excusable delays are those that occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence. Here, it is undisputed that the arresting officer was a necessary witness, and that the officer was unavailable because of a medical appointment that was scheduled before the July 18, 2014, trial date was set. This event was not within the means of the Commonwealth to control. It involved the personal life of a necessary witness, and it was an event that was scheduled before a trial date was set. Moreover, there is nothing in the record to suggest that the Commonwealth did not act with due diligence. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a

reasonable effort has been put forth." **Booze**, *supra*. We observe nothing in the record that would permit us to conclude that the Commonwealth did not put forth a reasonable effort, particularly where the continuance was due to an event that was beyond the control of the Commonwealth. The relevant time period that caused the trial to be scheduled beyond the applicable date was excusable.

Lastly, we note that the only factor that the court considered in its analysis was the fact that the record did not demonstrate that November 3, 2014, was the earliest possible available trial date. However, that is not the relevant question. The analysis entails determining first the mechanical run date, then the adjusted run date. Once that date is established, the court then must ascertain whether any time that is attributable to the Commonwealth is excusable time, and whether the Commonwealth acted with due diligence. Neither excusable time nor due diligence hinge exclusively upon whether the Commonwealth sought the earliest possible trial date at all times throughout the proceedings. The fact that the Commonwealth did not scour the judicial calendar for the first available trial date does not mean, *ipso facto*, that the Commonwealth did not act with due diligence. Rather, the record demonstrates that the Commonwealth put forth a reasonable effort to bring Ashton to trial, which is the standard for due diligence.

The trial court not only reached the incorrect legal conclusion, but also failed to consider a substantial portion of the relevant legal analysis. Consequently, the trial court's decision was an abuse of discretion.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/24/2015